UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RYRICKA NIKITA CUSTIS, #1207403,

    Petitioner,

v.                                             ACTION NO. 2:19cv214

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter is before the Court on Ryricka Nikita Custis' ("Custis") *pro se* action filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Custis seeks to set aside the dismissal of his previously filed petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing the dismissal was the result of fraud on the Court. ECF No. 1. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B). For the following reasons, the Court **RECOMMENDS** that Custis' action be **DENIED** and **DISMISSED WITHOUT PREJUDICE** as a successive section 2254 petition.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Custis is in state custody pursuant to a conviction on March 10, 2008, following a bench trial in the Circuit Court for the County of Accomack, for one count of robbery, one count of use of a firearm in the commission of a robbery, and one count of possession of a firearm after having been previously convicted of a felony. *Commonwealth v. Custis*, No. 07-CR-273 (Va. Cir. Ct. Mar. 10, 2008).

On May 24, 2013, Custis submitted his first petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *Custis v. Clarke*, No. 2:13cv302 (E.D. Va. May 24, 2013), ECF No. 1. Custis alleged five grounds for seeking relief, including the claim addressed in this Rule 60(b) action, that he was denied effective assistance of counsel due to his counsel's failure to call Gene Deshawn Ayres ("Ayres") as a witness on his behalf. 2:13cv302, ECF No. 1-1. Custis' petition was dismissed with prejudice on April 11, 2014. 2:13cv302, ECF No. 23. The United States Court of Appeals for the Fourth Circuit denied Custis a certificate of appealability on August 1, 2014, and denied his petition for rehearing on October 28, 2014. 2:13cv302, ECF Nos. 28, 31.

On September 7, 2017, Custis submitted his second petition for a writ of habeas corpus under 28 U.S.C. § 2254 to this Court, alleging he was denied effective assistance of counsel during his trial in the Circuit Court for Accomack County on February 29, 2008. *Custis v. Clarke*, No. 2:17cv476 (E.D. Va. Sept. 7, 2017), ECF No. 1 at 1, 5–6. Specifically, Custis asserted his counsel was ineffective for: (1) acting in concert with the prosecutor in suppressing evidence by failing to call Ayres to testify at Custis' trial; and (2) failing to investigate Ayres. *Id.* at 5–6, 15–19.

The Magistrate Judge's Report and Recommendation filed June 29, 2018, recommended that Custis' second petition be dismissed without prejudice to Custis' right to present his claims after obtaining an order from the Court of Appeals for the Fourth Circuit. No. 2:17cv476, ECF No. 23. On July 31, 2018, the Court of Appeals for the Fourth Circuit denied Custis' request for authorization to file a successive petition. No. 2:17cv476, ECF No. 25. On September 17, 2018, this Court denied Custis' petition with prejudice. No. 2:17cv476, ECF No. 26. The Court of Appeals for the Fourth Circuit modified the dismissal order to reflect dismissal without prejudice for lack of subject matter jurisdiction, and affirmed the dismissal without prejudice on February 6,

2

2019. No. 2:17cv476, ECF Nos. 31, 32. The Court of Appeals for the Fourth Circuit denied Custis' petition for rehearing on March 25, 2019. No. 2:17cv476, ECF No. 34.

On April 24, 2019, Custis filed this action pursuant to Federal Rule of Civil Procedure 60(b) to set aside the dismissal of his first section 2254 habeas petition for fraud on the Court. ECF No. 1. Custis asserts that, in the memorandum in support of the motion to dismiss Custis' first federal habeas petition, the respondent committed fraud on the Court by misstating that the victim identified Custis at trial. *Id.* at 3. Custis argues that the respondent's misstatement "undercut[]" his argument that calling Ayres would have changed the outcome of the trial because the victim could not identify Custis. *Id.* at 5.

## II. ANALYSIS

Because Custis' Rule 60(b) motion concerns this Court's denial of his 28 U.S.C. § 2254 habeas petition, the Court must first examine whether his motion constitutes a true Rule 60(b) motion or a successive habeas petition. Custis can only obtain relief from the final judgment in his first federal habeas case under Rule 60(b) if such relief does not conflict with the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (explaining that the Federal Rules of Civil Procedure apply to section 2254 cases "only to the extent that [they are] not inconsistent with applicable federal statutory provisions and rules") (quotation marks and citations omitted). A habeas petitioner may not use a Rule 60(b) motion to present new claims for relief from a state court's conviction or sentence because such action "circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts" and "the requirement that a successive habeas

3

petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 531–32; *see* 28 U.S.C. § 2244(b).

A 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" may proceed as a true 60(b) motion. *Gonzalez*, 545 U.S. at 532. One example of a defect in the integrity of the federal habeas proceedings is "[f]raud on the federal habeas court," such as when a witness offers a fraudulent basis for refusing to appear at a federal habeas hearing. *Id.* at 532 n.5 (citing *Rodriquez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001)). The claimed defect must implicate a "nonmerits aspect of the . . . federal habeas proceeding." *Id.* at 534. Consequently, a true Rule 60(b) motion generally "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4; *see Bay v. Clarke*, No. 2:15cv64, 2017 WL 253971, at *9 (E.D. Va. Jan. 20, 2017), *appeal dismissed,* 699 F. App'x 164 (4th Cir. 2017).

When a 60(b) motion "attacks the federal court's previous resolution of a claim *on the merits,*" the motion asserts a new claim. *Gonzalez*, 545 U.S. at 532; *see also United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). Such a motion constitutes a successive habeas petition, rather than a true 60(b) motion, because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532; *see, e.g., Fuller v. Cartlidge*, No. 0:09cv1352, 2014 WL 607475, at *1 (D.S.C. Feb. 18, 2014) (holding petitioner's Rule 60(b) claim that the court "mischaracterized the facts of Petitioner's case" was "a successive claim for habeas relief"); *Thompson v. Wydner*, No. 07-2617, 2008 WL 336311, at *5 (E.D. Pa. Feb. 1, 2008) (holding petitioner's Rule 60(b) claim that the court failed to consider

the "'totality of the evidence'" when analyzing an ineffective assistance of counsel claim was "a second or successive habeas petition").

In ruling on Custis' first federal habeas petition, which was filed in 2013, the Court stated:

> In Petitioner's first claim, he alleges his trial counsel was ineffective because his counsel failed to conduct an independent investigation of the facts, and failed to present a witness, Gene Deshawn [Ayres], who Petitioner contends would present evidence that "excluded Petitioner from being an active participant in the robbery." Pet'r's Arg. 1-3, ECF No. 1-1. The Circuit Court for the County of Accomack, on review of this claim, found the petitioner failed to meet both the performance and the prejudice prongs under *Strickland*. *Custis v. Mathena*, No. CL11-330, (Va. Cir. Ct. Sept. 7, 2012).[1] The Circuit Court found that, although Petitioner claimed that [Ayres'] testimony was exculpatory and inherently credible due to the fact that he had pled guilty to the charges, Petitioner failed to proffer an affidavit or other document indicating what [Ayres'] testimony would have been. *Id.* at 6–7. The Court concluded that the failure to proffer was fatal to Petitioner's case, citing both Virginia and Fourth Circuit precedent. *Id.* at 7, *citing Muhammed v. Warden*, 274 Va. 3, 19 (2007), *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996), *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990). Even assuming that the failure to proffer was not fatal and the Court could substitute [Ayres'] original interview for the proffer, the Circuit Court held that Petitioner could not prove with reasonable probability that the outcome of his trial would have been different, given the addition of [Ayres'] testimony, and thus Petitioner "failed to satisfy his burden under *Strickland*." *Id.* at 8.
>
> Given Petitioner's lack of proffer, and given the facts found by the trial court, the habeas court's holding that Petitioner fails to meet the prejudice prong of the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable determination of facts. Because the lower court's findings are not contrary to federal law or based on unreasonable factual determinations, this Court agrees with the Accomack County Circuit Court and the Virginia Supreme Court that Claim 1 fails, and recommends that Claim 1 should be DENIED.

2:13cv302, ECF No. 20 at 7–9, *report and recommendation adopted*, ECF No. 23 at 2 (E.D. Va. Apr. 11, 2014).

---

[1] "This Court looks to the last reasoned opinion issued by a state court; since the Virginia Supreme Court rejected Petitioner's appeal, this Court looks to the opinion of the Circuit Court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)." (Footnote in 2:13cv302, ECF No. 20 at 8).

Custis' Rule 60(b) motion attacks this Court's denial of his claim on the merits. Custis argues that, in the motion to dismiss his first federal habeas petition, the respondent

> committed fraud on the Court by stating "Moreover, assuming arguendo that Ayres [would] have offer[ed] testimony identical to that which was provided to law enforcement officers during interrogation, the petitioner has not impeached the testimony offered by Thornton, the victim of the offense. Given Thornton's eyewitness testimony identifying Custis as [an armed] perpetrator of the offense [the petitioner cannot demonstrate the reasonable probability of a different outcome at trial if Ayres had testified.]"

ECF No. 1 at 3 (capitalization altered). Custis argues respondent's statement "is false d[ue] to the fact the victim could not identify Custis." *Id.* (referencing "Trial Transcripts page 27–28"). Custis further argues, "if the respondent didn't introduce[] false evidence claim 1 [would] have been granted by this court as the state court's dismissal of petitioner['s] claim did result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." ECF No. 1 at 5 (capitalization altered).

Respondent did include the quoted language in the memorandum in support of the motion to dismiss Custis' first federal habeas petition. 2:13cv302, ECF No. 13 at 16. In doing so, the respondent was quoting the final order entered by the Circuit Court for Accomack County dismissing Custis' state habeas petition. *Id.*; *see* 2:13cv302, ECF No. 13-5 at 7–8. Accordingly, while Custis labels his action as a Rule 60(b) claim alleging fraud on the Court, he has not alleged a defect in the integrity of the federal habeas proceedings. Instead, Custis' argument attacks the finding of the state habeas court that was accurately quoted by respondent in the federal habeas proceeding.

Custis' claim, that the Court's denial of his federal habeas petition on the merits was a result of fraud, is not properly considered under Rule 60(b) and is instead a successive section 2254 petition. *See Gonzalez*, 545 U.S. at 532; *Gregory v. Young*, No. CIV. 13-4069-KES, 2014 WL 791873, at *6 (D.S.D. Feb. 25, 2014) (holding a Rule 60(b) motion that "attacks the federal and state court's previous resolution of [a] habeas claim *on the merits*, . . . is in reality a second or successive § 2254 petition"). This Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Custis' successive application. Therefore, this Court lacks jurisdiction over Custis' successive application for a writ of habeas corpus. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

### III. RECOMMENDATION

For the forgoing reasons, Custis' *pro se* motion to set aside judgment for fraud on the Court, ECF No. 1, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, should be **DENIED** and **DISMISSED WITHOUT PREJUDICE** as a successive section 2254 petition.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P.

72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                              /s/  
                           Robert J. Krask  
                      United States Magistrate Judge  
                           Robert J. Krask  
                      United States Magistrate Judge

Norfolk, Virginia  
July 24, 2019